UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATASHA COVINGTON,
on her own
behalf and others
similarly situated,

    Plaintiff,

v.

                              Case Number _____

ZENITH EDUCATION GROUP, Inc.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, (on her own and on behalf of others similarly situated) was an employee of Defendant, a foreign for profit corporation, and brings this action for unpaid wages, retaliation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff(s) worked as an hourly worker for Defendant and performed related activities for Defendant in Hillsborough County, Florida. Plaintiff was employed in a labor position by Defendant from approximately August 2013 through December of 2016.

2. Defendant is a Florida for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's

customers) which do not originate from Florida. Upon information and belief, Defendant grosses far in excess of $500,000.00 in annual revenue at all times material to this case, including the 36 months prior to September 2016. Defendant is a "private university", that operates in the State of Florida and nationwide throughout the United States of America.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years as a "director". Plaintiff alleges that Defendant misclassified her and other "directors" as exempt, when Plaintiff and those similarly situated to her were, in fact, non-exempt.

4. The Court has jurisdiction over Plaintiff(s) claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times relevant to this action, Plaintiff(s) in her capacity as an employee(s) were individually covered by the FLSA. Plaintiff used telephones, computers and also obtained supplies for the use of Defendant's business. Plaintiff was not a member of Defendant's management. Plaintiff did not have hire or fire authority. Plaintiff did not create Defendant's policies or procedures. Plaintiff did not have the authority to enter into contracts or contractually bind the Defendant. Plaintiff did not participate in budgetary matters or policy on behalf of Defendant. Plaintiff's position

was not managerial in nature, nor professional in nature, but primarily involved quality assurance and monitoring telephone calls. Plaintiff did not have her own office. Plaintiff worked on the "floor" of what can best be described as a "call center" in connection with her work for Defendant.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff(s) performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff(s) for all hours worked during their employment. Upon information and belief, Defendant employ's in excess of fifty employees, similarly situated to Plaintiff, who have been labeled "directors", yet whom did not exercise any significant discretion in the performance of their jobs.

8. During their employment with Defendant, Plaintiff(s), and those similarly situated to them, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to them for work performed off the clock, including but not limited to requiring Plaintiff(s) to work without compensation. In fact, in these instances, Defendant did not keep track of the hours worked by Plaintiff and did not pay Plaintiff any premium wages. During those weeks, Defendant would require Plaintiff to work time in excess of forty hours a week and Defendant would make no provision to pay Plaintiff for the overtime wages and, likewise, Defendant would make no attempt to even record those hours that Plaintiff worked over forty hours in a given week throughout the entirety of Plaintiff's employment. In the event that Plaintiff would take any time off away from work, Defendant would deduct from Plaintiff's pay.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff(s), and others similarly situated to them, true hours of work.  Defendant refused to substantively respond to written demands for payment of unpaid wages and minimum wages and overtime wages (compensation) made by the named Plaintiff and on behalf of the named Plaintiff. Defendant has not objected to the quantum of hours worked by Plaintiff. Yet, Defendant did not turn over any documentation that may have assisted Plaintiff(s) in providing a more specific demand.  The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined.  To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant; however Defendant has not produced any documentation relating to this claim.  At no point since Plaintiff asked to be paid for the entirety of the hours she has worked (but not been paid by Defendant) has Defendant suggested, informed or advised Plaintiff that Plaintiff was exempt or that Plaintiff did not work the time that Plaintiff has claimed to have worked, but not been paid for, and Defendant has never denied owing Plaintiff wages as sought by Plaintiff's, but instead asked Plaintiff to compromise her claim for wages by virtue of a separation agreement that did not specifically reference the FLSA.  Plaintiff, prior to filing this case, contacted Defendant again, in writing on December 19, 2016, in an attempt to determine whether Defendant was agreeable to paying the premium wages sought by Plaintiff and Defendant has failed, refused and/or neglected to provide a substantive response.

## **RECOVERY OF OVERTIME COMPENSATION**

10. Plaintiff(s) reincorporates and readopts all allegations contained within Paragraphs 1-9, above.

4

11. Plaintiff(s), and those similarly situated to them, are/were entitled to be paid their regular rate of pay for each hour worked per work week. Likewise, Plaintiff(s) and those similarly situated to them are/were entitled to be paid time and a half for each hour worked over 40 hours each week of their employment. During their employment with Defendants, Plaintiff(s), and those similarly situated to them, regularly worked hours for each week and were not paid premium wages. Plaintiff was not a managerial employee, but was a laborer for Defendant. Plaintiff did not exercise discretion in the performance of her job duties for Defendant. Plaintiff did not hold the title of manager. Instead, Plaintiff was given the label "director", even though Plaintiff did not have significant discretion, let alone managerial discretion in the performance and execution of her duties. Plaintiff alleges that she and others given the title "director" have been misclassified and not properly paid by Defendant under the FLSA.

12. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to them, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendant's willful violation of the FLSA Plaintiff(s), and those similarly situated to them, are entitled to payment of the FLSA.

14. Plaintiff(s) demands a trial by jury.

WHEREFORE, Plaintiff(s), and all other similarly situated employees, demand judgment against Defendant, for the payment of all hours at the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated

damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

*Latasha Covington*

Latasha Covington

DATED this 16 day of January 2016.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

**s/W. John Gadd**
W. John Gadd, Esq.
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com
Attorney for Plaintiff
