# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release ("AGREEMENT") is entered into by and between Plaintiff and Opt-in Plaintiffs Latasha Covington ("COVINGTON"), Ian Davis ("DAVIS"), Thomas Hammond ("HAMMOND"), David Marcel ("MARCEL"), and Dominique McCoy (collectively, "Plaintiffs") and Defendant Zenith Education Group, Inc. ("Zenith") (collectively, "the "Parties").

### RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, Plaintiff COVINGTON ("Covington") filed a Lawsuit against Zenith in the U.S. District Court for the Middle District of Florida that is designated as *Latasha Covington on her own behalf and others similarly situated v. Zenith Education Group, Inc.*, Case No. 8:17-cv-00136-MSS-AEP; (the "Litigation");

B. **WHEREAS**, Ian Davis, Thomas Hammond, David Marcel, and Dominique McCoy filed consents to join this Litigation;

C. **WHEREAS**, Zenith denies the validity of Plaintiffs' claims and denies that they are subject to any liability; and

D. **WHEREAS**, the Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS**, ZENITH is willing to provide PLAINTIFFS with certain considerations described below, which ZENITH is not ordinarily required to, provided PLAINTIFFS, each individually, release any claims each individual and collectively PLAINTIFFS have made or might make arising out of each PLAINTIFFS' employment with ZENITH and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

a) 1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

b) 2. **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, ZENITH agrees to pay PLAINTIFFS THIRTY EIGHT THOUSAND DOLLARS AND ZERO CENTS ($38,000.00), less lawful deductions. This sum shall be allocated as follows:

    (A) THREE THOUSAND FIVE HUNDRED HUNDRED DOLLARS AND ZERO CENTS ($3,500.00) shall be allocated as wage-based damages payable to PLAINTIFF COVINGTON and for which a W-2 will be issued;

(B)  THREE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($3,500.00) shall be allocated as liquidated damages payable to PLAINTIFF COVINGTON, for which an IRS form 1099 will be issued; and

(C)  TWO HUNDRED FIFTY DOLLARS AND ZERO CENTS ($250.00) shall be allocated as wage-based damages payable to PLAINTIFF DAVIS and for which a W-2 will be issued;

(D)  TWO HUNDRED FIFTY DOLLARS AND ZERO CENTS ($250.00) shall be allocated as liquidated damages payable to PLAINTIFF DAVIS, for which an IRS form 1099 will be issued; and

(E)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as wage-based damages payable to PLAINTIFF HAMMOND and for which a W-2 will be issued;

(F)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as liquidated damages payable to PLAINTIFF HAMMOND, for which an IRS form 1099 will be issued; and

(G)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as wage-based damages payable to PLAINTIFF MARCEL and for which a W-2 will be issued;

(H)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as liquidated damages payable to PLAINTIFF MARCEL, for which an IRS form 1099 will be issued; and

(I)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as wage-based damages payable to PLAINTIFF MCCOY and for which a W-2 will be issued;

(J)  ONE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($1,750.00) shall be allocated as liquidated damages payable to PLAINTIFF MCCOY, for which an IRS form 1099 will be issued; and

(K)  TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) shall be allocated as attorneys' fees and made payable to W. John Gadd, Attorney at Law, federal tax i.d. number _____, for which an IRS form 1099 will be issued.

ZENITH shall provide the consideration identified in this Paragraph 2 within ten (10) business days after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by each individual PLAINTIFF; (2) fully-executed tax forms for all individuals/entities receiving checks (*i.e.*, forms W-9); and (3) an entry of an Order approving the Parties' settlement and dismissing the Lawsuit with prejudice. This AGREEMENT shall not become effective—and therefore none of the benefits set forth in Paragraph 2 will become due or payable—until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after ZENITH has received from each individual PLAINTIFF all of the items described in this Paragraph 2

3. **Consideration:** PLAINTIFFS, each individually, understand and agree that each would not receive the monies and benefits specified in Paragraph 2, above, but for the execution of this AGREEMENT and the fulfillment of the promises contained herein.

4. **Mutual General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFFS, for himself or herself and for each of his or her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges ZENITH and its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Released Parties") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that each individual PLAINTIFF may now have, have ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in Paragraph 6 of this AGREEMENT, have been fully paid to PLAINTIFFS prior to the execution of this AGREEMENT, or are fully paid by way of Paragraph 2 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. PLAINTIFFS also release any and all claims each individually and collectively may have that arose prior to the date of this AGREEMENT, and hereby specifically waive and release all claims, including, but not limited to, those arising under any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including but not limited to:

- The Fair Labor Standards Act
- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, Florida Statutes;
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, et seq., Florida Statutes;
- Florida's Workers' Compensation Statutes, Fla. Stat. Ch. 440;
- Florida's Workers' Compensation Anti-Retaliation Provision, Fla. Stat. § 440.205;
- Florida's Wage Rate Provision, § 448.07, Florida Statutes;
- Florida's Attorneys' Fee Recovery in Wage Claims, Fla. Stat. § 448.08;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;

- Executive Order 11141;
- Executive Order 11246;
- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters;

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of PLAINTIFFS' employment with ZENITH and this Lawsuit, which he or she now has or shall have as of the date of this Agreement.

PLAINTIFFS expressly, individually and collectively, release any and all claims he or she may have that arose prior to the date of this AGREEMENT under the Fair Labor Standards Act and Florida Minimum Wage Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights PLAINTIFFS may have to enforce this AGREEMENT or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Nothing in this AGREEMENT prevents PLAINTIFFS from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the National Labor Relations Act to engage in joint activity with other employees, although by signing this AGREEMENT, PLAINTIFFS are waiving their individual rights to relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited. PLAINTIFFS understand and agree that he or she is releasing the Released Parties from any and all claims by which he or she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by PLAINTIFFS or on PLAINTIFFS' behalf.

ZENITH, as previously defined herein, hereby fully releases, acquits, and forever discharges PLAINTIFFFS, his or her heirs, executors, administrators, and assigns, of any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses and compensation whatsoever arising in law or equity under federal, state, or local law, that arose prior to the effective date of this AGREEMENT.

5. **Tax Liability:** PLAINTIFFS understand that ZENITH shall issue an IRS Form 1099 for those portions of the payment specified in Paragraph 2 of this AGREEMENT that are not subject to withholding. In paying the amount specified in Paragraph 2, ZENITH makes no representation regarding the tax consequences or liability arising from said payment. PLAINTIFFS, individually and collectively,

understand and agree that any and all tax liability that may be due or become due because of the payment set forth in Paragraph 2 is his or her sole responsibility, and that he or she will pay any such taxes that may be due or become due with regards to those sums. ZENITH has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in Paragraph 2 of this AGREEMENT to PLAINTIFFS). PLAINTIFFS agree to bear all tax consequences, if any, attendant upon the payment to him or her of the above-recited sums. PLAINTIFFS, individually and collectively, further agree to hold ZENITH harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event ZENITH receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against ZENITH, ZENITH shall promptly, after receipt of such written notice, notify PLAINTIFFS by letter sent to counsel for PLAINTIFFS. Nothing in this provision applies to any other payments besides those issued by virtue of Paragraph 2 of this AGREEMENT.

6. **Affirmations:** PLAINTIFFS represent and affirm that he or she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he or she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to him or her for services performed in connection with his or her employment with ZENITH, except as provided for in this AGREEMENT.

7. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

8. **Confidentiality:** Subject to the requirement to submit this Agreement to the district court for approval, the Parties agree that neither PLAINTIFFS nor their heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning the terms of this AGREEMENT to any third person(s), including, but not limited to, representatives of the media or other present or former associates of ZENITH, under any circumstances, except the Parties may disclose the terms of this AGREEMENT to their attorney(s), accountant(s), tax advisor(s), the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this Paragraph 8 and all of its subparts.

    (A)   If any party is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, PLAINTIFFS shall notify ZENITH and vice-versa, in writing via facsimile or overnight mail, within 24 hours of his or her receipt of such court order or subpoena, and simultaneously provide ZENITH with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in Paragraph 20. PLAINTIFFS agree to waive any objection to ZENITH's request that the document production or testimony be done *in camera* and under seal.

    (B)   The Parties acknowledge that a violation of Paragraph 8 or any of its subparts would cause immeasurable and irreparable damage to PLAINTIFFS and ZENITH in an amount incapable of precise determination. Accordingly, PLAINTIFFS agree that ZENITH shall be entitled to

injunctive relief in any court of competent jurisdiction for any actual or threatened violation of Paragraph 8 and all of its subparts, in addition to any other available remedies and vice-versa.

(C) The Parties agree that the terms of Paragraph 8 and all of its subparts are a material inducement for the execution of this AGREEMENT. Any disclosure or dissemination, other than as described above in Paragraph 8 and 8(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief.

9. **Non-Disparagement:** PLAINTIFFS agree that each will not provide information, issue statements, or take any action, directly or indirectly, that would cause the Released Parties embarrassment or humiliation or otherwise cause or contribute to the Released Parties being held in disrepute.

10. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state of Florida without regard to its conflict of laws provision. In the event of an alleged breach of a provision of this AGREEMENT, the Parties affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

11. **Conditions:** Should PLAINTIFFS, individually and collectively, ever breach any provision or obligation under this AGREEMENT, the breaching individual PLAINTIFF explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by ZENITH as a result of an individual or collective PLAINTIFFS' breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies Respondents may have by virtue of this AGREEMENT or otherwise.

12. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by the Released Parties of any liability or unlawful conduct of any kind.

13. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. PLAINTIFFS, individually and collectively, agree not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of ZENITH has the authority to modify this AGREEMENT on ZENITH's behalf.

15. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

16. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is

determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of PLAINTIFFS' Lawsuit, the general release of claims described in Paragraph 4 above, or the affirmations in Paragraph 6 is deemed to be illegal, invalid, or unenforceable, ZENITH is not obligated to honor any of the terms set forth herein and PLAINTIFFS shall return any amounts paid by ZENITH.

17. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

18. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the Parties, and fully supersedes any prior agreement between the Parties, provided that any prior release agreement entered into by the Parties remains in full force and effect. PLAINTIFFS, individually and collectively, acknowledge that each has not relied on any representations, promises, or agreements of any kind made to his/her in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

19. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

FOR DEFENDANTS
ZENITH EDUCATION GROUP, INC.
c/o LITTLER MENDELSON, P.C.
333 SE 2nd Ave., Suite 2700
Miami, FL 33131

FOR PLAINTIFFS
KYLE LEE
c/o LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476

Or

WILLIAM J. GADD
W. JOHN GADD, ATORNEY AT LAW
2727 Ulmerton Road, Suite 250
Clearwater, FL 33762

20. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

21. **Counterparts:** This Agreement may be executed in counterparts and electronically scanned signatures are equivalent to an original signature.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST MASTEC.

ACCEPTED AND AGREED:

By: _____  10/24/17
LATASHA COVINGTON                     Date

STATE OF ~~FLORIDA~~ South Carolina
COUNTY OF Richland

BEFORE ME, the undersigned authority on this 24 day of October 2017, personally appeared Latasha Covington, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 24 day of October 2017, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC – STATE OF South Carolina

Tahisha Lane
(Printed Name of Notary)

My Commission Expires: September 24, 2022

**ACCEPTED AND AGREED:**

By: _____   Date: 10/23/17
IAN DAVIS

STATE OF FLORIDA )
COUNTY OF _P.'neilco_ )

BEFORE ME, the undersigned authority on this 23 day of Oct 2017, personally appeared Ian Davis, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 23 day of oct 2017, to certify which witness my hand and seal of office.

MAUREEN DONINI
Notary Public, State of Florida
Commission# FF 70243
My comm. expires Dec. 15, 2017

_____
NOTARY PUBLIC – STATE OF FL

_____
(Printed Name of Notary)

My Commission Expires:

**ACCEPTED AND AGREED:**

By: _____/s/ Thomas Hammond_____   _10/25/17_
THOMAS HAMMOND                                    Date

STATE OF FLORIDA        )
COUNTY OF Hillsborough  )

BEFORE ME, the undersigned authority on this 25 day of October 2017, personally appeared Tom Hammond, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 25 day of October 2017, to certify which witness my hand and seal of office.

[Seal: Notary Public State of Florida, Joseph Matthew King, My Commission FF 145625, Expires 07/27/2018]

_/s/ Joseph M. King_
NOTARY PUBLIC – STATE OF Florida

Joseph M. King
(Printed Name of Notary)

My Commission Expires: 7/27/2018

**ACCEPTED AND AGREED:**

By: _____       10/23/17
        DAVID MARCEL                                            Date

STATE OF FLORIDA )
COUNTY OF Pinellas )

BEFORE ME, the undersigned authority on this 23 day of October 2017, personally appeared David Marcel, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 23 day of October 2017, to certify which witness my hand and seal of office.

STEPHANIE QUINONES
Notary Public - State of Florida
Commission # FF 921546
My Comm. Expires Jan 17, 2020

NOTARY PUBLIC – STATE OF Florida

Stephanie Quinones
(Printed Name of Notary)

My Commission Expires: 01/17/2020

**ACCEPTED AND AGREED:**

By: _____    10/23/2017
    DOMINIQUE MCCOY                   Date

STATE OF FLORIDA       )
COUNTY OF Pinellas     )

BEFORE ME, the undersigned authority on this **23** day of **October** 2017, personally appeared **Dominique McCoy**, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this **23** day of **October** 2017, to certify which witness my hand and seal of office.

> STEPHANIE QUINONES
> Notary Public - State of Florida
> Commission # FF 921846
> My Comm. Expires Jan 17, 2020

NOTARY PUBLIC – STATE OF **Florida**

_Stephanie Quinones_
(Printed Name of Notary)

My Commission Expires: **01/17/2020**

---

**ACCEPTED AND AGREED:**

By: _____    _____
    Name:_____
    FOR ZENTIH EDUCATIO GROUP, INC.    Date

By

Firmwide:149218637.1 089805.1005

By: _____     _____
      **DOMINIQUE MCCOY**     Date

STATE OF FLORIDA )
COUNTY OF _____ )

BEFORE ME, the undersigned authority on this _____ day of _____ 2017, personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____ 2017, to certify which witness my hand and seal of office.

NOTARY PUBLIC – STATE OF _____

(Printed Name of Notary)

My Commission Expires:

---

**ACCEPTED AND AGREED:**

By: _[signature]_     _Nov 10, 2017_
Name: Daniel Fisher
**FOR ZENITH EDUCATION GROUP, INC.**     Date

Firmwide:150943614.1 089805.1005